UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARRY COLLINS, 11B3629,

        Plaintiff,

    -v-

COUNTY OF ERIE, ERIE COUNTY HOLDING
CENTER MEDICAL STAFF and ERIE COUNTY
HOLDING CENTER ENTIRE STAFF,

        Defendants.
_____

DECISION AND ORDER
12-CV-6022P

      Plaintiff *pro se* filed an amended complaint as directed by this Court's Order of February 27, 2012 (Docket # 6) and requested appointment of counsel (Docket # 7). The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915.

      There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as defendants have not yet been identified or answered the complaint. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

      Plaintiff has named in the caption the County of Erie, Erie County Holding Center Medical Staff and Erie County Holding Center Entire Staff. In the body of the amended complaint, however, plaintiff alleges that John and Jane Doe medical staff failed for three days to provide him the insulin medication they know he is prescribed and upon which he relies, despite his numerous complaints and having the matter brought to their attention by another staff member.

As discussed in the Court's prior Order, although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as Erie County may not be held liable under § 1983 <u>unless</u> the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Erie County, and thus plaintiff has failed to state a § 1983 claim against this defendant. The claims against the County of Erie are, therefore, dismissed.

Further, although plaintiff has named all of the Erie County Holding Center staff, he has named only John and Jane Doe medical staff, and has alleged facts that could state a claim for deliberate indifference to his serious medical needs only as to those defendants. The claims against all defendants except John and Jane Doe Medical staff are dismissed.

Plaintiff has named no defendants who can be served at this time. Plaintiff has described the John and Jane Doe defendants as the November 18, 2011 3 to 11 shift medical staff. Pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court requests that the County Attorney General of Erie County ascertain the full names of the John and Jane Doe defendants plaintiff seeks to sue. The County Attorney is also requested to provide the addresses where all of the John and Jane Doe defendants can currently be served. The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin.*

The County Attorney of Erie County is hereby requested to produce the information specified above regarding the identities of the John and Jane Doe defendants by **May 15, 2012.** The information should be sent to the Pro Se Office, 304 U.S. Courthouse, 2 Niagara Square, Buffalo,

New York 14202. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the John and Jane Doe defendants, summonses shall be issued and the Court shall direct service on those defendants.

The Clerk of Court is directed to mail a copy of this Order to the County Attorney of Erie County at 95 Franklin Street #1634 Buffalo, NY 14202. The Clerk is also directed to correct the caption to indicate that the only remaining defendants are John and Jane Doe Medical Staff, 3 to 11 shift on or about November 18, 2011.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 16, 2012
Rochester, New York