UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY COLLINS,

                Plaintiff,

        v.

MARY BARTH, R.N., et al.,

                Defendants.
_____

DECISION & ORDER

12-CV-6022G

Larry Collins ("Collins") has filed this action *pro se* under 42 U.S.C. § 1983, asserting that defendants were deliberately indifferent to his medical needs. (Docket # 6). Currently pending before this Court is Collins's motion for miscellaneous relief. (Docket # 53). Also pending before this Court is a motion filed by defendants, Peter Gruen, R.N., Patrice Minkiewicz, R.N., Sally Smith, R.N. and Lydia Torres, R.N. (collectively, "moving defendants") for a protective order and/or an extension of time. (Docket # 73). For the reasons discussed below, Collins's motion for miscellaneous relief (Docket # 53) is denied and the moving defendants' motion (Docket # 73) is granted in part and denied in part.

I. **Collins's Motion for Miscellaneous Relief**

On January 25, 2013, Collins filed a motion requesting that the Court "proceed with the matter." (Docket # 53). The motion also requested that the Court "release, any tangible evidence that might help [Collins]." (*Id.*).[1] This Court conducted a scheduling conference with

---

[1] Collins also requested that the Court "ask the defendants to respond, to any allegation that were made and submit any statement what were, during perconference hearing." (*Id.*). The Court cannot determine what relief Collins is seeking and therefore denies this request.

the parties on February 6, 2013 (Docket # 65) and issued a scheduling order on February 7, 2013, which directed the defendants, except those who had moved to dismiss the action, to proceed with discovery and set discovery deadlines. (Docket # 63). Accordingly, to the extent Collins's motion requests that the Court "proceed with this matter," that portion of the motion is denied as moot.

Collins also requested that this Court "release any tangible evidence that might help [Collins]." (Docket # 53). This request exceeds the scope of discovery authorized by the Federal Rules of Civil Procedure, which limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To the extent that Collins contends that he has requested relevant, nonprivileged information from defendants that they have failed to produce, Collins must identify with specificity the information that he requested that the defendants have failed to provide. Before filing a motion to compel, he must confer with counsel for defendants to attempt to resolve the disputes. *See* Fed. R. Civ. P. 37(a)(1).

II. **Defendants' Motion for Protective Order and/or Extension of Time to Complete Discovery**

Collins's First Request for Production of Documents was filed on January 15, 2013. (Docket # 51). This Court entered a scheduling order directing the moving defendants to respond to those document requests by March 25, 2013. (Docket # 63). On March 22, 2013, the moving defendants filed a motion seeking a protective order and an extension of time to respond to the document requests. (Docket # 73). Collins has opposed the motion contending that the

2

moving defendants merely seek to avoid their discovery obligations and that the information he seeks is relevant to this litigation. (Docket # 76 at 2; Docket # 80).

        As framed by Collins, his document requests seek the following:

1. The complete prison records of the Plaintiff.

2. All written statements, original or copies, identifiable as reports about the incident on or about November 18, 2011, made by DOCS employees, and/or witnesses.

3. Any and all medical records of Plaintiff from the time of his incarceration in Erie County Correctional Facility through and including the date of [the] response to this request.

4. Any and all rules, regulations and policies of the New York Department of Corrections about treatment of prisoners with diabetes.

(Docket # 51).

        With respect to Document Request Nos. 1-3, the moving defendants argue that the documents are in the possession of the Erie County Sheriff's Office, and not in the possession of the moving defendants, who, except for one, no longer work at the Erie County Correctional Facility ("ECCF") or the Erie County Holding Center ("ECHC"), where Collins was detained when the events that gave rise to his claims occurred. (Docket # 73-1 at ¶ 15). In addition, the moving defendants argue that Request No. 1 is overbroad because Collins has been detained in ECHC or ECCF numerous times and only the records pertaining to his 2011 incarceration are relevant to this litigation. (*Id.* at 16).

        The moving defendants are required to produce responsive documents in their possession, custody or control. Fed. R. Civ. P 34(a). Documents are within a party's "control" if the "party has the right, authority or practical ability to obtain the documents from a non-party to

3

the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y.), *aff'd*, 2007 WL 1518632 (S.D.N.Y. 2007). The moving defendants contend that the documents are not in their possession, but they have not asserted that they do not have the ability to obtain the documents from the Erie County Sheriff's Office. Accordingly, I deny the motion for a protective order relieving the moving defendants of their obligation to produce documents responsive to Request Nos. 1-3. I agree, however, that Request No. 1 appears overbroad because it seeks records for all of Collins's incarcerations, not just the period of incarceration during which these claims arose, and Collins has not articulated why those other records are relevant. Thus, defendants' obligation to produce records responsive to Request No. 1 is limited to the records relating to his 2011 incarceration.

In addition, the moving defendants argue that Request No. 4 seeks documents that are in the possession of the New York State Department of Corrections, rather than in their possession. (Docket # 73-1 at ¶ 19). To the extent that the documents sought are not within their possession, custody or control, they are under no obligation to produce them. If, however, the Erie County Sheriff's Office in fact possesses responsive documents, the moving defendants must produce them.

Finally, the moving defendants note that the documents sought by Request Nos. 1-3 are likely to contain sensitive or confidential information, including HIPPA-protected information; they seek an extension of time to produce the information and authorization to file non-redacted copies of the documents with the Court under seal.[2] (*Id.* at ¶¶ 20, 27). By letter

---

[2] At the time the moving defendants filed the pending motion they had not received a HIPPA-compliant authorization from the plaintiff, and they also sought an extension of time to respond to Collins's document requests and to make certain initial disclosures. (*Id.* at ¶¶ 17, 20, 25). The moving defendants have now received a

order dated May 6, 2013, this Court granted the moving defendants' request for a reasonable amount of time to produce responsive documents after this Court's resolution of the pending motion. (Docket # 78). The Court hereby grants the moving defendants' request to file under seal non-redacted copies of the responsive documents they produce. To the extent the moving defendants believe a protective order governing the parties' use or disclosure of the documents to be produced is necessary, the moving defendants are directed to confer with the plaintiff and counsel for the co-defendants over the terms of a proposed order and to submit any such proposed order to the Court for review.

## **CONCLUSION**

For the reasons stated above, Collins's motion for miscellaneous relief **(Docket # 53)** is **DENIED** and the moving defendants' motion for a protective order and/or an extension of time to respond **(Docket # 73)** is **GRANTED in part and DENIED in part** as set forth above. The moving defendants are directed to produce responsive documents pursuant to the directions set forth herein by no later than **June 28, 2013**.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
        May   30  , 2013

---

HIPPA-compliant authorization from the plaintiff; thus, the moving defendants' request for an extension of time based upon Collins' failure to provide an authorization is denied as moot. (Docket # 78).