UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LARRY COLLINS,

                Plaintiff,

     v.

MARY BARTH, R.N., et al.,

                Defendants.

DECISION & ORDER

12-CV-6022G

---

        Larry Collins ("Collins") has filed this action *pro se* under 42 U.S.C. § 1983, asserting that defendants were deliberately indifferent to his medical needs. (Docket # 6). Currently pending before this Court is Collins's motion to compel "defendants to disclose all of the initial requested discovery/disclosure." (Docket # 83). For the reasons discussed below, Collins's motion to compel is granted in part and denied in part.

        This Court previously addressed Collins's discovery demands in a Decision and Order issued on May 30, 2013. (Docket # 81). In relevant part, that Order directed defendants to produce responsive documents by no later than June 28, 2013. (*Id.* at 5). Specifically, this Court ordered defendants to produce documents in their possession responsive to the following requests as framed by plaintiff:

        1.    The complete prison records of the Plaintiff [relating to his 2011 incarceration];

        2.    All written statements, original or copies, identifiable as reports about the incident on or about November 18, 2011, made by DOCS employees, and/or witnesses;

>   3.  Any and all medical records of Plaintiff from the time of his incarceration in Erie County Correctional Facility through and including the date of [the] response to this request; and,
>
>   4.  Any and all rules, regulations and policies of the New York Department of Corrections about treatment of prisoners with diabetes.

(*Id.* at 3-4).

In this motion, Collins contends that defendants have failed to comply with this Court's May 30, 2013 Order. (Docket # 83). According to Collins, defendants have provided some, but not all, responsive documents. (*Id.* at 2). In particular, Collins contends that defendants have not provided his medical records or "information regarding the date of November 18, 2011, when the incident . . . occurred." (*Id.* at 1).

Defendants oppose the motion on the grounds that they have complied with the Order. (Docket # 87 at ¶¶ 20-27, 30-32). According to defendants, on June 5, 2013, they served documents in compliance with this Court's Order. (*Id.* at ¶ 20). With respect to Request No. 1, defendants state that they produced a "packet of records maintained by the Erie County Sheriff's Office pertaining to Plaintiff Larry J. Collins's incarceration encompassing the date(s) of the alleged non-administration of diabetes medication." (*Id.*; Docket # 82 at Ex. A).

With respect to Request No. 2, defendants contend that they do not have any written reports relating to the November 18, 2011 incident, but directed Collins to specific documents that had previously been disclosed or attached as exhibits to court filings. (Docket # 87 at ¶ 22). According to defendants, those documents constitute the medical records in their possession relating to his treatment in November 2011. (*Id.* at ¶¶ 23-24). Defendants further allege that, in an attempt to identify additional possibly responsive documents, they obtained

"duty logs" for November 18, 19 and 20, 2011 (the dates on which Collins alleges he was not provided his diabetes medication). (*Id.* at ¶ 21). The log pertaining to November 18, 2011, contains a notation reflecting Collins's intake at the Erie County Holding Center. (*Id.*). These logs have not yet been produced to Collins.

In response to Request No. 3, defendants contend that they have produced to Collins medical records dated subsequent to August 8, 2008 – the date of a "Screening and Admissions Summary"[1] and three years prior to the 2011 incarceration from which his claims arise.[2] (*Id.* at ¶ 31; Docket # 82 at Ex. B). Defendants maintain that records prior to August 2008 are not relevant. (Docket # 87 at ¶ 31). Finally, in response to Request No. 4, defendants contend that they disclosed a document reflecting the Erie County Sheriff's Office policy for the treatment of inmates with diabetes. (*Id.* at ¶ 32; Docket # 82 at Ex. C).

Although Collins contends that defendants have not produced all responsive documents, he does not identify any specific deficiencies in defendants' production. This Court has reviewed defendants' responses to Collins's discovery demands, as well as the documents themselves that were served upon Collins and filed under seal with this Court. (Docket # 82). Based upon this review, and with the understanding that defendants shall promptly provide to Collins the duty logs referenced above,[3] the Court finds no basis to dispute defendants'

---

[1] A review of this document suggests that it was completed on August 22, 2008, not August 8, 2008. (Docket # 82-3 at 112).

[2] The Court interprets this contention as a representation by defendants that they have produced all of Collins's medical records in their possession, custody or control from August 8, 2008 to the present. If that interpretation is not accurate, defendants are directed to promptly produce to Collins any of his medical records during that period in their possession, custody or control that have not yet been produced.

[3] The duty logs may be manually filed under seal, as requested by defendants.

3

representation that they have complied with this Court's Order.  In reaching this conclusion, the Court agrees that medical records prior to August 2008 do not have any apparent relevance to this litigation.

In addition to opposing the motion, defendants again seek to stay discovery pending decision on the motions to dismiss filed by certain defendants.  (Docket # 87 at ¶¶ 29, 43).  That application was previously denied, and this Court declines to reconsider it.  Discovery should proceed with respect to those defendants who have not filed a motion to dismiss.  Defendants are directed to confer with Collins and submit a proposed amended scheduling order by no later than **March 24, 2014**.

## CONCLUSION

For the reasons stated above, Collins's motion to compel **(Docket # 83)** is **GRANTED in part and DENIED in part** as set forth above.  The moving defendants are directed to produce the duty logs for November 18-20, 2011 by no later than **March 24, 2014**.  Further, counsel for defendants is directed to confer with Collins and submit a proposed amended scheduling order by no later than **March 24, 2014**.

**IT IS SO ORDERED.**

   *s/Marian W. Payson*
   MARIAN W. PAYSON
   United States Magistrate Judge

Dated:  Rochester, New York
          March   3  , 2014