UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY J. SHELTON COLLINS, JR.,

                              Plaintiff,

                                                                          DECISION & ORDER

v.

                                                                           Case No. 12-CV-6022-FPG

PETER GRUEN, RN;
SALLY SMITH, RN;
LYDIA TORRES, RN;
PATRICE MINKIEWICZ;
DANIELLE WIEPERT, LPN;
JENNIFER HOLOWAKA, LPN;
RILEY ROBERTSON, RN;
MICHELLE PORECCA, RN;
SOPHIA OVERTON, LPN;
LOU FUCINA, LPN;
MARY BARTH, RN;
PAULA CAMPANELLA;
MICHELLE SIROLLI;
MELANIE COMSTOCK, Nurse Practitioner;
BRANDON COBURN, Nurse Practitioner;
EDWIN HEIDELBERGER, M.D.;

                              Defendants.
_____

## I.    INTRODUCTION

*Pro se* Plaintiff Larry J. Shelton Collins, Jr. ("Plaintiff"), a prisoner in the custody of the New York State Department of Corrections and Community Supervision, commenced this action on January 12, 2012 by filing a Complaint (ECF No. 1), thereafter, completely replaced by an Amended Complaint filed on March 14, 2012 (ECF No. 6) seeking relief under 42 U.S.C. § 1983, alleging violations of his Fifth and Eighth Amendment rights based upon "cruel and mental punishment" due to the denial of medical treatment for diabetes while incarcerated at the Erie County Holding Center ("ECHC") located in Buffalo, New York. The Amended Complaint

specifically alleged the failure of ECHC's medical staff and John and Jane Doe to administer the prescribed insulin dosages to Plaintiff for three days while under their care.

Before the Court for review and determination are the following motions: (1) a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Coburn and Comstock on January 30, 2013, alleging that dismissal of the Amended Complaint is proper based upon Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("PLRA") and that the Amended Complaint sets forth no factual allegations stating a cognizable cause of action for deliberate indifference to Plaintiff's serious medical needs nor any demonstration of their personal involvement in the treatment of Plaintiff (ECF No. 54); (2) a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Heidelberger on January 31, 2013, asserting as grounds for dismissal of the Amended Complaint Plaintiff's failure to allege any personal involvement by Dr. Heidelberger, and his failure to exhaust his administrative remedies as required by the PLRA (ECF No. 60); (3) a Motion for Summary Judgment filed by Plaintiff on July 22, 2013, alleging that all Defendants have withheld information pertaining to his medical treatment, Defendant Heidelberger won't admit that he is at fault, and all Defendants are responsible for damages due to pain and suffering, medical neglect, medical indifference resulting from their neglect of duty and providing him proper medical treatment (ECF No. 88); (4) a Cross Motion to Dismiss the Amended Complaint with Prejudice pursuant to Fed. R. Civ. P. 12(c),[1] filed by Defendants Gruen, Minkiewicz, Smith, and Torres on August 29, 2013, alleging Plaintiff's failure to exhaust his available administrative remedies and the failure of the Amended Complaint to state a cause of action upon which relief can be

---

[1] This motion also requested a stay of discovery pending a decision on the motions to dismiss filed by certain defendants. ECF No. 87, ¶¶ 29, 43. Magistrate Judge Marian W. Payson denied this branch of Defendants' motion by Decision & Order dated March 3, 2014. ECF No. 109.

2

predicated under 42 U.S.C. § 1983 (ECF No. 98); (5) a Cross Motion for Summary Judgment filed by Defendants Barth, Campanella, Fucina, Holowaka, Overton, Robertson, Sirolli, and Wiepert on September 3, 2013, alleging Plaintiff's failure to exhaust his administrative remedies and his failure to show deliberate indifference regarding his medical needs (ECF No. 101); and (6) a Cross Motion for Summary Judgment filed by Defendant Heidelberger on September 3, 2013, alleging Plaintiff's failure to allege any personal involvement by Dr. Heidelberger, and his failure to exhaust his administrative remedies as required by the PLRA (ECF No. 102). The Court has considered the parties' responses in opposition and any replies filed with respect to the various motions, as well.

Because all of the motions filed by the Defendants seeking dismissal of the Amended Complaint share issue-commonality, *i.e.*, that Plaintiff failed to exhaust his administrative remedies prior to filing this action in federal court as required by the PLRA, and because resolution of this issue is dispositive of Defendants' motions, as well as the Plaintiff's summary judgment motion, the Court has reached only the issue of exhaustion. For the reasons set forth herein below, I find that the Amended Complaint should be dismissed against all Defendants based upon Plaintiff's failure to exhaust his administrative remedies.

## II.    BACKGROUND

The Amended Complaint filed by Plaintiff named as Defendants the County of Erie, the Erie County Holding Center Medical Staff, the Erie County Holding Center Entire Staff and, additionally, stated Plaintiff's belief that various medical staff John and Jane Does, specifically, the "3 to 11 shift at night on November 18, 2011" were responsible for failing to attend to his medical needs or neglecting them. It set forth two claims giving brief recitations of the alleged involvement of the Defendants and the John and Jane Does.

In the First Claim, Plaintiff alleged that the entire medical staff at ECHC didn't provide him the services he needed, treated him unjustly and unfairly, and didn't show any concern to his matter. ECF No. 6. Plaintiff alleged "Cruel and Mental Punishment" as the constitutional basis for this claim under 42 U.S.C. § 1983. Also, regarding this First Claim, under the heading **"Exhaustion of Your Administrative Remedies for this Claim,"** Plaintiff checked "No," in response to the printed question, "Did you grieve or appeal this claim?" In response to the printed question in this same section, "If you did not exhaust your administrative remedies, state why you did not do so," Plaintiff wrote, "I believe that this matter would just been sweep under the rug." *Id.* at 5.

In the Second Claim, Plaintiff alleged that on November 18, 2011, he did not receive his insulin, he was denied medical attention, and the ECHC staff was aware that he was diabetic because it was in his medical record. *Id.* at 6. Also, regarding this Second Claim, under the heading **"Exhaustion of Your Administrative Remedies for this Claim,"** Plaintiff checked "No," in response to the printed question, "Did you grieve or appeal this claim?" In response to the printed question, "If you did not exhaust your administrative remedies, state why you did not do so," Plaintiff wrote, "I believe that no one are willing to accept that they were at fault." *Id.*

Plaintiff offered further statements regarding exhaustion of administrative remedies: "I believe that Jane Doe and John Doe aren't willingly to admit that it was their fault. Also I believe that this matter would have just been sweep under the rug. I honestly believe that I wouldn't gotten any responsible back." *Id.* at 7.

The Amended Complaint alleged in greater detail the Fifth and Eighth Amendment violations as follows:

> Fifth Amend. That I was being denied medical attention, and staff didn't show and concern. They are awhere of my illness.
>
> Fifth Amend. That know one shouldn't every be denied medical attention. Yes under New York State and Fedral law every one are entitle to medical attention even if they don't have medical cover. This is Hipqa law.
>
> Eight Amend. By refusing to attend my medical need. Yes this is cruel and mental punishment. Also by neglecting me.
>
> Eight Amend. I don't understand why I was being treat like this. There is no reason or excuse for this type of treatment when this matter was address to staff. The facility told the complaint that they would have to call last facility that I was at. They call Erie County Correctional Facility and they verify my circumstance. Yes Erie County Holding Center are awhere of my circumstance. Also they were given instruction that I was and diabetic, and I take 52 unit of insulin at night. Yes everything are document. The fact that this happen, and they just ignore it. This shouldn't have happen at all. I believe the entire staff should be held accountable. Like I said I had made numerous complain and staff just ignore them. Staff didn't try to correct or recify this matter no apology were made. I believe that inmate should receive better treatment. And better and update equipment. Also staff should pay more attention to inmate with special need... Negligence lack of treatment I brought this to nurse attention who was pasting out medication. And her respond was that, they will call you down to infirmary. Yes this is deadly diease that I deal with daily for three days I didn't get my insulin.

*Id.* at 7 and 11.

By Decision & Order dated April 16, 2012, Defendants "County of Erie," "Erie County Holding Center Medical Staff," and "Erie County Holding Center Entire Staff" were terminated from this action, leaving only the John and Jane Doe Medical Staff as Defendants. ECF No. 8. In accordance with the order issued therein pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the County Attorney of Erie County provided the full names and addresses of the John and Jane Doe defendants which Plaintiff sought to sue, and on June 6, 2012, the "John and Jane Doe defendants medical staff November 18, 2011, 3-11 shift" were terminated from this action and the names of twelve nurses were added as Defendants. Subsequently, on

July 31, 2012, the Erie County Attorney's Office notified the Court of the discovery of the names of two Nurse Practitioners who worked part of the 3:00 to 11:00 P.M. shift on November 18, 2011, and a physician who may have worked or might have been on call for part, or all, of that shift. ECF No. 31. The caption of this action reflects as Defendants all of the named individuals provided by the Erie County Attorney.[2]

On July 27, 2012, Defendants Gruen, Minkiewicz, Smith, and Torres filed their Answer to the Amended Complaint, denying Plaintiff's allegations regarding deliberate indifference and neglect of his serious medical needs during the 3:00 to 11:00 P.M. shift on November 18, 2011, and alleging that none of them was responsible for administering diabetes medication to Plaintiff. ECF No. 21. They also set forth, among others, as and for a Sixth Affirmative Defense that Plaintiff failed to comply with the requirements of the PLRA. *Id.* ¶¶ 6, 19. Defendants Barth, Campanella, Fucina, Holowaka, Overton, Robertson, Sirolli, and Wiepert filed their Answer on August 1, 2012, denying Plaintiff's allegations regarding deliberate indifference and neglect of his serious medical needs. ECF No. 23. They set forth as an Eighth Affirmative Defense that all claims in the Amended Complaint were barred by the PLRA due to Plaintiff's failure to exhaust his administrative remedies or provide justification for the failure to do so. *Id.* Rule 12(b)(6) motions seeking dismissal of the Amended Complaint were filed by Defendants Coburn and Comstock on January 30, 2013 (ECF No. 54) and by Defendant Heidelberger on January 31, 2013 (ECF No. 60), in lieu of filing answers.

---

[2] A review of the Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint filed with the Court on July 17, 2012, reflects that the Summons and Amended Complaint were served on Defendant Michelle Porecca on July 9, 2012 "I/C/O County of Erie, County Attorney of Erie County, 95 Franklin St. # 1634, Buffalo, NY 14202." ECF No. 18. No defendant by the name of Michelle Porecca has appeared or answered or moved against the pleading. It appears that a Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint was filed for Defendant Michelle Sirolli, and the cover letter accompanying the filing included notification that Michelle Sirolli, and not Michelle Porecca, was on duty on the date in question. *Id.* Court records indicate that a copy of this notification was mailed to Plaintiff on July 18, 2012. In the absence of any objection by Plaintiff, Defendant Michelle Porecca should be terminated from this action.

Plaintiff filed his Response in Opposition to the motions to dismiss and also filed an accompanying "Affirmation" of Opposition, arguing that he "was not aware of this fact that he had to go through the process of filing a grievance," and stated his belief that "if he had in fact submitted and filed a grievance that it would have come up missing and not being filed in the first place." ECF No. 67. Furthermore, therein he argued that "even though he did not file a grievance the Court still allowed him to move forward with his Civil right claim." Id. Defendants Coburn and Comstock, and Defendant Heidelberger, respectively, filed their replies to Plaintiff's response, again, citing Plaintiff's failure to comply with the PLRA. ECF Nos. 70, 71.

Thereafter, on July 22, 2013, Plaintiff filed a Motion for Summary Judgment,[3] consisting of a three-page document alleging that all Defendants have withheld information pertaining to his medical treatment, Defendant Heidelberger won't admit that he is at fault, and all Defendants are responsible for damages due to pain and suffering, medical neglect, medical indifference resulting from their neglect of duty and providing him proper medical treatment. ECF No. 88. In their respective responses, cross motions listed herein above, and replies, Defendants opposed Plaintiff's motion, again, denying the substantive allegations and asserting his failure to comply with PLRA requirements. ECF Nos. 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 107.

Responding to the opposition to his summary judgment motion and the cross motions, Plaintiff pressed allegations of deliberate indifference and failure to attend to his medical needs. ECF No. 102, 103, 104, 106, 108. In one such response, Plaintiff stated, "Even though the petitioner didn't exhaust has remedies the court still let him proceed." ECF No. 103.

---

[3] Several Defendants pointed out in their responses in opposition to Plaintiff's motion that his filing did not include a required memorandum of law, see W.D.N.Y. L. R. Civ. P. 7(a)(2)(A), a statement of material facts not in genuine dispute, see W.D.N.Y. L. R. Civ. P. 56(a)(1), or any affidavits or other documentation supporting his alleged assertions of fact, see Fed. R. Civ. P. 56(c). ECF Nos. 96, 97, 99.

## III. DISCUSSION

### A. Applicable Legal Standards

#### 1. Motion to Dismiss

A court deciding a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The determination regarding "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

"[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although the factual allegations set forth in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570. "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of the court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted).

Where the complaint was filed *pro se,* "it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) (citing *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Notwithstanding this solicitous approach, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills,* 572 F.3d 66, 73 (2d Cir. 2009).

### 2. Judgment on the Pleadings

Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Thus, in deciding a Rule 12(c) motion, a court employs the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir. 2009) (per curiam). A court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Id.* To withstand a motion for judgment on the pleadings, a court must determine whether the "'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* at 161 (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Thus, granting judgment on the pleadings is only appropriate when, after reviewing the record, the court is convinced that the Plaintiff has failed to set forth a plausible claim for the requested relief based on the evidence presented. *See generally Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

### 3. Motion for Summary Judgment

The summary judgment standard is well established. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady,* 728 F.3d 149, 154 (2d Cir. 2013) ("Summary judgment is appropriate if there is no genuine dispute as to

any material fact and the moving party is entitled to judgment as a matter of law.") (citation omitted). The burden is on the moving party to establish the absence of any material factual issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court assessing a motion for summary judgment is "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003); *Duse v. International Business Machines Corp.*, 252 F.3d 151, 158 (2d Cir. 2001) (citing, *e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013). Although the district court must view the evidence in favor of the nonmoving party, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 252) (internal alterations and emphasis omitted). Reliance by the nonmoving party on "conclusory allegations or unsubstantiated speculation" is insufficient to defeat a motion for summary judgment. *Id.* at 554 (quoting *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)). Summary judgment is appropriate "[w]here the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, the court's function in deciding a summary judgment motion is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Plaintiff is proceeding *pro se* (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citation and quotation marks omitted)). This does not mean, however, that a *pro se*

litigant is excused from following the procedural requirements of summary judgment. A *pro se* litigant's "'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Conklin v. Bowen*, No. 9:12-cv-01478 (MAD/TWD), 2014 WL 4063294, *4 (N.D.N.Y. August 14, 2014) (quoting *Lee v. Coughlin*, 902 F. Supp. 424, 429 (SDNY 1995) (citing *Carey v. Crescenzi*, 923 F. 2d 18, 21 (2d Cir. 1991)) (internal quotation marks omitted)).

### 4. Legal Standard Applied in this Case

Because all of the motions filed by the Defendants relative to the issue of exhaustion are directed to the allegations in the Amended Complaint and Plaintiff's statements therein that he did not exhaust his administrative remedies, the Court will consider all such motions under Rule 12(b)(6).

### B. Exhaustion of Administrative Remedies under the PLRA

Section 1997e(a) of the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court declared, "[f]or the reasons stated, we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." It is clear, generally, that a prisoner's exhaustion of administrative remedies prior to filing a federal court case is mandatory.

The PLRA's "dominant concern [is] to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims in court." *Porter v. Nussle*, 534 U.S at 528. The Act "attempts to eliminate unwarranted federal-court interference with the administration of prisons." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Because "Congress

placed a restraint on suits filed by all litigants who could be characterized as prisoners," the PLRA "includes within its ambit all facilities in which prisoners are held involuntarily as a result of violating the criminal law." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006). Thus, the PLRA applies, "regardless of the type of facility in which they are imprisoned." *Id.*

Prisoners must utilize the available grievance procedures, "regardless of whether the relief sought is offered through those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (citation omitted); *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) ("Prisoners must complete the administrative review process in accordance with the applicable procedural rules — rules that are defined not by the PLRA, but by the prison grievance process itself."). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.2d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. at 90).

Generally, while these grievance procedure steps must be followed prior to an inmate filing an action in federal court, *see Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter v. Nussle*, 534 U.S. at 524), it is equally clear that

> [C]ertain caveats apply wherein a prisoner's failure to exhaust may be excused: (1) when administrative remedies are not available to the prisoner, (2) when the defendants waive the defense by failing to raise or preserve it, or acted in such a manner that they are estopped from raising it, and (3) when special circumstances exist to justify the prisoner's failure to comply with the exhaustion requirement.

*Id.* (quoting *Linares v. Albrith*, Civ. No. 9:03-CV-1408 (LEK/RFT), 2009 WL 799969, at *4 (N.D.N.Y. Mar. 25, 2009) (citations omitted)).

There is no question the PLRA requirements applied in Plaintiff's circumstances. At the time the allegations in this case arose, Plaintiff was confined in ECHC, a county jail facility with its own prescribed grievance procedures which, according to the Affidavit of Erie County Deputy Sheriff Paul Evans, were in effect at the time Plaintiff entered the Erie County Correctional Facility and the ECHC. *See* Evans Aff., ¶ 5, ECF No. 58. Exhibit A attached

thereto, titled "Erie County Sheriff's Office Jail Management Division Inmate Handbook" ("Handbook") on pages 16 through 18, details the Inmate Grievance Procedure consisting of both informal procedures for resolving verbal requests/complaints and formal resolution procedures for written grievances. *Id.*

For informal grievances not immediately resolved, the procedure required that a written request be forwarded to the appropriate person or office for review and consideration with a decision made "without undue delay." The formal resolution procedure outlined in paragraphs 1-11, required the filing of a written grievance within five (5) days of the act or occurrence, to be reviewed immediately by the housing area officer who will provide assistance both in filling out the grievance form and resolving the grievance. If the grievance cannot be resolved with the assistance of the housing area officer, it will be forwarded to a supervisor both for review and assistance in resolving it. If the grievance cannot be resolved with a supervisor's assistance, it will be forwarded to the Grievance Coordinator for processing and rendering a decision within five (5) days. If he was dissatisfied with the decision of the Grievance Coordinator, the inmate may appeal to the Superintendent within two (2) business [days] of receipt of the Grievance Coordinator's decision. The inmate will receive the decision of the Superintendent within five (5) days of the appeal. If dissatisfied with the Superintendent's decision, the inmate may appeal to the New York State Commission of Correction, and will be notified of its decision by mail within 45 days of the date it received the grievance.

Here, Plaintiff plainly has acknowledged in the Amended Complaint that he did <u>not</u> file a grievance or an appeal with respect to either of his claims. Indeed, the records kept in the regular course of business by the Erie County Sheriff's Department pertaining to Plaintiff's incarceration from August 8, 2011 to November 21, 2011, bear out Plaintiff's acknowledgment, for they disclose no record demonstrating that he filed or lodged a grievance with the ECSD about not

receiving his diabetes mediation from on or about November 18, 2011-November 20, 2012. Evans Aff., ¶ 7. Furthermore, accepting Plaintiff's allegations as true, there is no need for this Court to consider whether he made any attempts to file a grievance, or whether the Defendants somehow thwarted such attempts.

Interpreting the Amended Complaint to raise the strongest claims that it suggests, as this Court must do, it appears that Plaintiff has attempted to justify his failure to comply with the exhaustion requirement, in essence, to explain why his failure to follow the grievance process ought to be excused, ergo, his claims that he was unaware of the grievance procedures or that they would have gone unheeded, i.e., "sweep under the rug." This Court rejects Plaintiff's approach for several reasons.

First, the Amended Complaint contains the following printed language under the section titled, **Exhaustion of Administrative Remedies**:

> Note that according to **42 USC § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison[er] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action. (Emphasis in original).

ECF No. 6, 4. Even assuming that Plaintiff may have overlooked this section of the form complaint, or that he may not have appreciated the significance of the language regarding the PLRA requirements when completing the Amended Complaint, this Court agrees with Defendants Coburn and Comstock that the Evans Affidavit (ECF No. 58, ¶¶ 3-8) and Exhibits B-D attached thereto, dispel any hesitation regarding rejection claims by Plaintiff that administrative remedies are not available to him, or that he was unaware of the exhaustion

14

requirement. Exhibit B consists of a copy of the "Booking Summary Report Sheet" reflecting Plaintiff's entry into the Erie County Jails on August 8, 2011. Exhibit C consists of a copy of a document containing the "NOTICE TO ALL INMATES," signed by Plaintiff on August 8, 2011, the date he was booked into the ECHC, acknowledging receipt of the Handbook detailing the Inmate Grievance Procedure. Exhibit D consists of a copy of the Erie County Sheriff's Office Grievance Program effective October 1, 2010.

There is nothing apparent in the Amended Complaint itself from which it is possible to conclude that Defendants waived or failed to preserve any defenses to the exhaustion of administrative remedies. In the Second Circuit, exhaustion under the PLRA is an affirmative defense for the defendants to assert. *Bryant v. Williams*, No. 08-CV-778S, 2009 WL 1706592, at *8 (W.D.N.Y. June 17, 2009). Indeed, as stated earlier, the Answer filed by Defendants Gruen, Minkiewicz, Smith, and Torres set forth as and for a Sixth Affirmative Defense that the Amended Complaint failed to comply with the requirements of the PLRA. ECF No. 21, ¶¶ 6, 19. Likewise in their Answer, Defendants Barth, Campanella, Fucina, Holowaka, Overton, Robertson, Sirolli, and Wiepert raised as an Eighth Affirmative Defense that the Amended Complaint is barred under the PLRA by Plaintiff's failure to exhaust his administrative remedies or provide a legally cognizable justification for the failure to do so before commencing this action. ECF No. 23, ¶ 27. Defendants Coburn and Comstock, and Defendant Heidelberger, respectively, raised the failure to exhaust defense in their Motions to Dismiss filed in lieu of answering the Amended Complaint. ECF Nos. 54, 60. Throughout this litigation, all Defendants have continued to assert Plaintiff's failure to exhaust,[4] a circumstance which, to this Court,

---

[4] Notably, the other Defendants referenced the Evans Affidavit and the accompanying exhibits attached to Defendants Coburn and Comstock's Motion to Dismiss. ECF Nos. 70, 101-2, 102-1.

represents an unambiguous indication that they did not waive, but preserved the non-exhaustion defense.

Nor are there allegations that any of these Defendants prevented Plaintiff from following the exhaustion procedures or engaged in other conduct by which they should be estopped from asserting non-exhaustion as a defense. Importantly, Plaintiff's allegations, simply relaying his beliefs that any filed grievance would be swept under the rug or go missing, amount to little more than unsupported conclusions on his part. No allegations articulated in the Amended Complaint plausibly or conceivably gave rise to such conclusions. I, therefore, find that administrative remedies were available to the Plaintiff, and the Defendants neither waived the defense of non-exhaustion, nor acted in such a manner that they were estopped from raising it.

In determining whether special circumstances have been plausibly alleged to excuse an inmate's failure to exhaust his administrative remedies, a court must evaluate the "circumstances which might understandably lead usually uncounseled prisoners to fail to grieve in the normally required manner." *Morrison v. Parmele*, 892 F. Supp. 2d at 488 (quoting *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004)). The Amended Complaint discloses no such circumstances. In this Court's estimation, a similarly situated prisoner to whom grievance procedures were made available, and who was not prevented from taking advantage of the grievance process to address an alleged failure to receive treatment for a serious medical condition such as diabetes, would not fail to utilize the grievance procedures.

I find irrelevant the fact that Plaintiff was allowed to proceed in the litigation of his claims, notwithstanding his alleged failure to exhaust his administrative remedies. Nor will Plaintiff's belated claim that he was "not aware of this fact, that he had to go through the process of filing a grievance," offered in his sworn response to the motions to dismiss (ECF No. 67), suffice to justify non-exhaustion. "While reliance on reasonable interpretation of the grievance

process has been found to constitute special circumstances, ignorance or disregard of such procedures is not an excusing special circumstance." *Id.* (citing *Bryant v. Williams*, No. 08-CV-778S, 2009 WL 1706592, at *8 (W.D.N.Y. June 17, 2009) (citing *Hemphill v. New York*, 380 F.3d 680, 686, 689-690 (2d Cir. 2004)). I am not persuaded that Plaintiff did not simply ignore or disregard the ECHC grievance process. Consequently, this lawsuit, filed before the exhaustion of available administrative remedies, in the absence of reasonable justification, must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein above, Defendants' motions, ECF Nos. 54, 60, 98, 101, and 102, are GRANTED; and Plaintiff's motion, ECF No. 88, is DENIED on the ground that Plaintiff failed to exhaust his administrative remedies. The Amended Complaint is hereby dismissed, and the Clerk of the Court is directed to close Case No. 12-CV-6022.

IT IS SO ORDERED.

Dated: September 29, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge